IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERGIO MARTINEZ, SPN #00903751, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-0628 |
| HON. MARIA T. JACKSON, 339TH STATE DISTRICT COURT, | § § § § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER

Harris County Jail inmate Sergio Martinez (SPN #00903751) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights by a state district judge who is presiding over a pending criminal action against Martinez. Martinez proceeds *pro se* and he has moved for leave to proceed *in forma pauperis*. After reviewing the pleadings and available state court records, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.     BACKGROUND**

Martinez is in Harris County Jail facing charges for burglary of a habitation. *State v. Martinez*, No. 140373101010 (339th Dist. Ct., Harris County, Tex. *filed* Oct. 4, 2013); *see* Harris County District Clerk website, http://www.hcdistrictclerk.com. Martinez has a long history of prior felony convictions including a 2003 judgment for

burglary of a habitation out of the 182nd State District Court of Harris County, Texas. *State v. Martinez*, No. 092086401010 (182nd Dist. Ct., Harris County, Tex. Jan. 28, 2003). In a cryptic three sentence complaint, Martinez states that Judge Maria T. Jackson of the 221st District Court "fails to report" the prior conviction for enhancement purposes [Doc. # 1, p. 4]. He further states that the pending charge carries a punishment ranging from a minimum of two years to a maximum of twenty years and that the punishment range could be enhanced to five to ninety-nine years with the prior conviction.

Martinez seeks Judge Jackson's removal from the bench. *Id.* He also requests that an individual named Brenda Mungia of Corpus Christi be located. *Id.* In addition, he requests that his social security checks be started and instructs the Court to contact Valerie Bertinelli, a well known television actress. *Id*.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C.§ 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

The plaintiff proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519 (1972). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing

that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.

### III.   DISCUSSION

Although Martinez's pleadings are presented as a civil rights complaint, they are borderline nonsensical. Asking the Court to contact a television personality (Valerie Bertinelli) is obviously bizarre. This may explain Judge Jackson's March 6, 2014 order for a psychiatric examination to make a determination concerning Martinez's sanity. *See* Docket Sheet, No.140373101010, Harris County District Clerk website, http://www.hcdistrictclerk.com.  When a prisoner's civil rights complaint is based on fantastic or delusional allegations or it asserts an indisputably meritless theory, it is subject to dismissal on the basis that it is frivolous. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citing *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). Regardless of Martinez's real or imagined relationship with Ms. Bertinelli, his complaint and requests for relief are baseless.

### A.     <u>Judge Jackson is Entitled to Absolute Immunity</u>

Martinez complains that Judge Jackson, the only named defendant in this action, has failed to take notice of a prior conviction. He also seeks compensation in the form of social security checks. It is not clear how Martinez makes the connection between his social security entitlements and the criminal proceedings against him, but he does state that he seeks payment (or perhaps reinstatement) of his social security checks. Liberally construed, Martinez's request may be an indication that he seeks damages for the alleged wrongful judicial actions. Judges and courts are absolutely immune from liability for actions taken within their judicial capacities. *Stump v Sparkman*, 435 U.S. 349, 356 (1978). *See also Hale v. Harney,* 786 F.2d 688, 690 (5th Cir. 1986) ("It is hornbook law, settled in our jurisprudence for over a century, that such a judge as she enjoys an absolute immunity from liability for damages for judicial acts performed within her jurisdiction."). Even grave errors in law and procedure will not deprive Judge Jackson of her right to immunity from a suit for damages. *Brandley v. Keeshan,* 64 F.3d 196, 200 (5th Cir.1995) (abrogated on other grounds by *Wallace v. Kato,* 549 U.S. 384 (2007)); *Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993).

In addition, Martinez has failed to establish grounds for removing Judge Jackson from his case. *See Buntion v. Quarterman*, 524 F.3d 664, 673 (5th Cir.

2008). Martinez's dissatisfaction with Judge Jackson's judicial rulings alone do not warrant recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993).

### B. The Court Cannot Intervene in a Pending State Court Proceeding

Martinez seeks the Court's intervention in a State criminal proceeding against him. There is a long standing policy against federal court interference in state court proceedings where there is a remedy in state law. *Younger v. Harris*, 401 U.S. 37, 44-46 (1971). The *Younger* doctrine applies to matters of state criminal, civil, and administrative law. *See Wightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996); *Word of Faith World Outreach Center Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir.1993). Martinez has not presented any facts that show that he is entitled to such intervention. *See, e.g., Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1999) (violation of double jeopardy clause); *Gerstein v. Pugh*, 420 U.S. 103 (1975) (no probable cause hearing following arrest and detention); *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972) (arbitrary denial or revocation of pretrial bail); *Tooten v. Shevin*, 493 F.2d 173 (5th Cir. 1974) (unconstitutional state penal statute); *Braden v. 30th Judicial Court of Kentucky*, 410 U.S. 484 (1973) (denial of speedy trial). Martinez's complaint regarding the handling of the case is not actionable at this time due to the ongoing nature of the criminal proceedings. *See DeSpain v. Johnston*, 731

F.2d 1171, 1178 (5th Cir. 1984).

### C. <u>Habeas Claims</u>

Martinez's claims are actually challenges to a state court criminal action brought against him and must be pursued in a habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (citing, *Serio v. Members of La. Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987); *see also Boyd v. Biggers*, 31 F.3d 279, 283 n.4. (5th Cir. 1994). As stated above, the Federal Courts do not intervene in state proceedings where there are still remedies available in the state system.

Martinez can only file a petition for a writ of habeas corpus in federal court after he has exhausted all available state remedies. 28 U.S.C. § 2254(b); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Exhaustion requires that the federal claims have been fairly presented to the highest court of the state either in a petition for discretionary review or an application for writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). The exhaustion requirement based in part on principles of comity; "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In Texas, the Texas Court of Criminal Appeals is the court of final review regarding criminal matters. TEX. CODE CRIM.

PROC. ANN., art. 4.04 § 2 (Vernon 2005). The fact that Martinez's criminal proceedings are still in the state district courts shows that he has not properly brought the claims before the Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 792-794 (5th Cir. 1993); *Bryant v. Bailey*, 464 F.2d 560, 561 (5th Cir. 1972). Therefore, this case cannot be considered in federal court at this time.

This prisoner action is **dismissed** as frivolous because it lacks an arguable basis in law. 28 U.S.C. § 1915(e)(2); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. Officials at the Harris County Jail Inmate Trust Fund are **ORDERED** to deduct twenty percent (20%) of each deposit made to the inmate trust account of Sergio Martinez (SPN # 00903751) and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the Harris County Jail Inmate Trust Fund, 1301**

**Franklin, Houston, Texas 77002; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on  March 30 , 2014.

_____
Nancy F. Atlas
United States District Judge